FILED

MAR 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANFORD D. JONES,

               Plaintiff - Appellant,

   v.

LEE D. BACA, Sheriff of Los Angeles
County; COUNTY OF LOS ANGELES, a
public entity,

               Defendants - Appellees.

No. 11-56503

D.C. No. 2:07-cv-08194-PA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

     Sanford D. Jones appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging constitutional violations during his

detention in the Los Angeles County Jail pursuant to California's Sexually Violent

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Predator Act ("SVP Act"). We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because, even assuming that a constitutional deprivation occurred, Jones failed to raise a genuine dispute of material fact as to whether any such constitutional deprivation resulted from an official county custom or policy, whether Baca was personally involved in any constitutional violation, or whether there was a causal connection between Baca's conduct and any such violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (requirements for municipal liability); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for supervisory liability); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (party opposing summary judgment must present "significant probative evidence tending to support its claim that material, triable issues of fact remain" (citation and internal quotation marks omitted)).

We reject Jones's contention that his detention in a jail pursuant to the SVP Act is unconstitutional. *See Jones*, 393 F.3d at 932 (declining to hold that involuntary civil commitment detainees cannot be housed in jail).

We also reject Jones's contention that he raised a genuine dispute of material fact based on the "totality of conditions" of his confinement. *Hoptowit v. Ray*, 682

F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (courts generally may not find constitutional violations based on the totality of conditions of confinement).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**